NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN REID and TRACY PORTALATIN, | Civ. No. 15-1856 (AET) |
| Plaintiffs, | **MEMORANDUM ORDER** |
| v. | |
| CITY OF ASBURY PARK, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the application of *pro se* Plaintiffs Hasan Reid (a prisoner) and Tracy Portalatin (a non-prisoner) to proceed *in forma pauperis* and assert 42 U.S.C § 1983 claims stemming from an arrest. (ECF No. 1.)

Title 28 U.S.C. § 1915 establishes financial requirements for both prisoners and non-prisoners who seek to bring a civil action *in forma pauperis*. *See, e.g.*, Hickson v. Mauro, No. 11-6304 NLH, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011); Glenn v. Hayman, No. 07-112 (PGS), 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). Prisoners must file an affidavit of indigence and submit their prison account statement for the six-months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Non-prisoners must file an application to proceed *in forma pauperis* and include an affidavit of indigence that states the individual's total income, all assets, and her inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); Glenn, 2007 WL 432974, at *7. Here, Plaintiffs' present application to proceed *in forma pauperis* is incomplete because Plaintiff Portalatin has not submitted an *in forma pauperis* application with an affidavit of indigence. Accordingly,

IT IS, on this 18th day of August, 2015

ORDERED that Plaintiffs' application for leave to proceed *in forma pauperis* (ECF No. 1) will be DENIED WITHOUT PREJUDICE,[1] and it is

ORDERED that the Clerk of Court administratively terminate this action without filing the complaint or assessing a filing fee.[2]

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[1] The Court will grant Plaintiffs leave to file an application to re-open within 30 days if they can submit a complete *in forma pauperis* application.  If Plaintiffs wish to re-open the case, they shall so notify the Court in writing addressed to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608 and include either a complete *in forma pauperis* application (containing all required affidavits and statements from both Plaintiffs) or the required filing fees.

[2] An administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened it is not subject to the statute of limitations bar if it was originally filed timely.  *See Papotto v. Harford Life & Acc. Ins. Co.*, 731 F.3d 265, 275–76 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).